UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA HERNANDEZ, | ) |
|     Plaintiff | ) ) ) |
|     v. | ) ) ) Civil Action No. 3:16-cv-30089-KAR ) |
| JOSUE COLON, ROGER GOUDREAU, EMIL MORALES, & CITY OF HOLYOKE, | ) ) ) |
|     Defendants | ) |

MEMORANDUM OF DECISION AND ORDER REGARDING DEFENDANTS' MOTION
FOR RECONSIDERATION
(Dkt. No. 70)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

The three individual Holyoke Police Officer Defendants, Josue Colon, Roger Goudreau, and Emil Morales (collectively "Defendants"), have asked this court to reconsider so much of its May 25, 2018 order as denied summary judgment on Plaintiff's claims brought under 42 U.S.C. § 1983 (Counts I, II, III, IV and X). As grounds for their motion for reconsideration, Defendants contend that the Supreme Court's April 2, 2018 decision in *Kisela v. Hughes*, 138 S. Ct. 1148 (2018) (per curiam), altered the summary judgment standard of review for claims of qualified immunity. Defendants submit that *Kisela* directs the court to view the evidence in the light most favorable to them as the moving parties. Plaintiff disagrees with Defendants' reading of *Kisela* and has opposed Defendants' motion. For the reasons that follow, upon reconsideration of the court's decision and order of May 25, 2018, the court's ruling on Defendants' motion for summary judgment stands as to Counts II (unlawful arrest), III (the excessive use of force), and X (unlawful entry) and so much of Counts I (unreasonable seizure) and IV (failure to intervene)

1

as assert claims against Defendant Colon, and Defendants' motion for reconsideration is DENIED.

II.     DISCUSSION

A.     Reconsideration

"A motion for reconsideration of an order which has granted summary judgment should be treated as a Rule 59(e) motion." *Colón v. Fraticelli*, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing *United States v. Podolsky,* 158 F.3d 12, 16 (1st Cir. 1998); *Vargas v. Gonzalez,* 975 F.2d 916, 917 (1st Cir. 1992); *Feinstein v. Moses,* 951 F.2d 16, 19 n.3 (1st Cir. 1991); *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 24 (1st Cir. 1987)). "A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact." *Id.* (citing *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir. 1997)). "Additionally, the movant may seek to amend the judgment based on an intervening change in the law." *Id.* (citing *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90–91 n.3 (1st Cir. 1993); *Nat'l Metal Finishing Co. v. BarclaysAm./Commercial, Inc.,* 899 F.2d 119, 124 n.2 (1st Cir. 1990)). "Rule 59 may not be used to present arguments or evidence which could have and should have been presented before judgment was entered, but were not." *Id.* See *Aybar,* 118 F.3d at 16; *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992).

Plaintiff points out that the *Kisela* decision was issued before the undersigned entered the judgment on Defendants' summary judgment motion and Defendants did not bring their view of *Kisela* to the court's attention. When indulgently read, however, Defendants' motion for reconsideration is based on an alleged legal error in the standard of review applied to Defendants' qualified immunity claims. Consequently, the court will revisit its determination of qualified immunity in light of the Court's decision in *Kisela.*

2

B. *Kisela* Did Not Alter the Standard of Review of Qualified Immunity Claims on Summary Judgment

By comparing the evidence recited by the majority opinion in *Kisela* with the evidence upon which the dissent relied, Defendants have concluded that *Kisela* overruled long-standing precedent that requires courts considering claims of qualified immunity on summary judgment to view the facts in the light most favorable to the non-moving party. Now, according to Defendants, the perspective has shifted and courts must view the record in the light most favorable to the law enforcement officers who are claiming qualified immunity. Defendants are seeking application of this revised standard to reverse this court's determination that they were not entitled to summary judgment on Plaintiff's § 1983 claims based on qualified immunity. Plaintiff has countered that *Kisela* did not articulate a new standard of review.[1] Plaintiff's argument is persuasive.

In *Kisela*, Petitioner, Tucson, Arizona Police Officer Andrew Kisela, sought summary judgment on the ground that he was entitled to qualified immunity for his alleged use of excessive force against Respondent Amy Hughes. According to the majority's opinion, after Kisela received a report that Hughes had been "engaging in erratic behavior with a knife," he observed her holding a large kitchen knife as she took steps toward another woman who was standing in close proximity. *Kisela*, 138 S. Ct. at 1150. Hughes refused to drop the knife notwithstanding officers' repeated commands for her to do so. *Id.* Fearing that she posed an imminent threat to the other woman, Kisela fired four shots through a chain link fence and injured Hughes. *Id.* at 1150-51. She brought an action under 42 U.S.C. § 1983 "alleging that

---

[1] Plaintiff also argued that the Court's per curiam opinion in *Kisela* is a "'summary action'" that "'does not have the same precedential effect as does a case decided upon full briefing and argument'" (Dkt. No. 71 at 2 [quoting *Gray v. Mississippi*, 481 U.S. 648, 651 n.1 (1987)]). Consideration of this assertion is not necessary to the court's determination of the issue raised.

Kisela had used excessive force in violation of the Fourth Amendment." *Id.* at 1151. Kisela asserted qualified immunity. *Id.* at 1150. The question before the Court was "whether at the time of the shooting Kisela's actions violated clearly established law." *Id.* The majority answered the question in the negative finding that qualified immunity shielded Kisela from liability. *Id.* at 1153. In the dissent, Justice Sotomayor, who was joined by Justice Ginsburg, disagreed, indicating that Kisela was not entitled to qualified immunity as a matter of law because "precedent existing at the time of the shooting clearly established the unconstitutionality of [his] conduct." *Id.* at 1161 (Sotomayor, J., dissenting).

Following the bedrock principle of summary judgment practice, the majority indicated that they viewed the record in the light most favorable to the non-movant. *See id.* at 1150, 1151; *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1863, 1866 (2014) (per curiam) ("In articulating the factual context of the case, the Fifth Circuit failed to adhere to the axiom that in ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Although the *Kisela* dissent criticized the majority for "fall[ing] short" of "honor[ing] th[e] well-settled principle" articulated in *Tolan*, it did not indicate that the standard of review was overruled. *Kisela,* 138 S. Ct. at 1155 (Sotomayor, J., dissenting). Indeed, Defendants cite no authority for their position that *Kisela* revised the standard of review and cases that have considered *Kisela* in deciding whether a law enforcement officer should be granted summary judgment based on qualified immunity have followed the established standard when considering the record evidence. *See Hedgpeth v. Rahim*, No. 16-7146, 2018 WL 3117808, at *1 (D.C. Cir. June 26, 2018) ("For purposes of reviewing the court's grant of summary judgment against Hedgpeth, we view the facts giving rise to his arrest in the light most

4

favorable to him."); *Wilson v. Prince George's Cty.*, No. 17-1856, 2018 WL 3015045, at *3 (4th Cir. June 18, 2018) ("In conducting our review, we construe the evidence in the light most favorable to Wilson, the non-moving party."); *Easley v. City of Riverside*, 890 F.3d 851, 856 (9th Cir. 2018) ("On de novo review of a district court's summary-judgment ruling, this Court 'must view the evidence, including all reasonable inferences, in favor of the nonmoving party.'") (quoting *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017)); *McCoy v. Meyers*, 887 F.3d 1034, 1039, 1044 (10th Cir. 2018) (the court viewed the record in the light most favorable to the nonmoving party and drew all reasonable inferences in his favor); *Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018) ("To decide if the non-movant has raised a genuine issue, we view all facts and evidence in the light most favorable to him and draw all reasonable inferences in his favor."); *Esty v. Town of Haverhill*, Civil No. 17-cv-59-AJ, 2018 WL 2871862, at *4 (D.N.H. June 8, 2018) ("The court must 'draw all reasonable inferences from the record in the light most favorable to the nonmoving party, disregarding any "conclusory allegations, improbable inferences, or unsupported speculation."'") (quoting *McGrath v. Tavares*, 757 F.3d 20, 25 (1st Cir. 2014) (quoting *Alicea v. Machete Music*, 744 F.3d 773, 778 (1st Cir. 2014))); *Avina v. Bohlen*, Case No. 13-CV-1433-JPS, 2018 WL 2324105, at *11 (E.D. Wis. May 22, 2018) ("[A]gainst these principles of leniency toward officers the Court must balance the standard of review at summary judgment, which is quite generous to a non-movant seeking to overcome an assertion of qualified immunity. While the non-movant must show that the particular conduct in question was clearly unlawful under existing law, the particularized version of events used to make that assessment is taken from the undisputed facts as construed in his favor.") (citing *Williams v. Ind. State Police Dep't*, 797 F.3d 468, 484 (7th Cir. 2015)); *see also Winfield v. Town of Andover*, CIVIL ACTION NO. 17-11051-WGY, 2018 WL 1627437, at *9 (D. Mass.

5

Apr. 4, 2018) (in allowing the plaintiff's motion to amend the complaint, the court stated: "Unless this Court is going to engage in forbidden balancing as between these two versions, it is pellucidly clear that Ms. Winfield's allegations adequately state a claim for the exercise of excessive force under color of law.") (citing *Kisela*, 138 S. Ct. at 1148).

As discussed in the ruling on Defendants' motion for summary judgment, the parties presented vastly divergent views of the events that are the subject of the instant law suit. *See Tolan*, 134 S. Ct. at 1866 (2014) ("[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment."). Defendants have failed to demonstrate that by viewing the record evidence in the light most favorable to Plaintiff, the non-moving party, and drawing all reasonable inferences in her favor, the court committed legal error when rejecting Defendants' assertions of qualified immunity. Accordingly, Defendants' motion for reconsideration is denied.

III. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Defendants' motion for reconsideration (Dkt. No 70). The clerk's office is directed to schedule a case management conference at the earliest convenience of the parties and the court.

It is so ordered.

Date: July 11, 2018              /s/ Katherine A. Robertson
                                                                KATHERINE A. ROBERTSON
                                                                UNITED STATES MAGISTRATE JUDGE